### IN THE

# SURROGATES' COURTS

### OF THE

## STATE OF NEW YORK.

---

ALBANY COUNTY.—HON. FRANCIS H. WOODS, SURROGATE.—March, 188

### MATTER OF HERMANCE.

*In the matter of the application for the appointment of a guardian of the person and property of* FRANCES M. HERMANCE, *an infant over the age of fourteen years.*

The fact that the mother of an infant whose father is dead has remarried, and is living with her second husband, furnishes no ground of objection to her appointment as general guardian of the person or the property of such child.

The contrary rule, as to guardianship of the property, laid down in. Holley v. Chamberlain, 1 *Redf.*, 333—declared obsolete.

PETITION by Frances M. Hermance, an infant over the age of fourteen years, for the appointment of a gen--

eral guardian of her person and property.   The facts appear sufficiently in the opinion.

CLIFFORD D. GREGORY, *for petitioner.*

FRANK S. NIVER, *special guardian, opposed.*

THE SURROGATE.—This is an application made by Frances M. Hermance, an infant over the age of fourteen years, on her own petition, for the appointment of a general guardian of her person and estate.   The petitioner resides in the city of Albany with Harriet A. Schrader, her mother, whom she nominates as a proper person to be appointed guardian, and asks such appointment.  The infant's father is dead, and her mother is now married and living with a second husband.

No objection is made to the mother personally, but the application is opposed solely upon the ground that the mother of the infant is a married woman living with a second husband, and for that reason should not be appointed guardian of her child.   The contestants, to sustain their position, refer the court to the case of Holley v. Chamberlain (*1 Redf., 333*), and strenuously claim that that case is the settled law on this question, and argue that it should be followed here.

At the time the case of Holley v. Chamberlain was decided (1860), the rights of married women were greatly limited, and were but few.  They were bounded by two or three acts of the legislature, which found a strict and limited construction in the courts, inasmuch as they invaded one of the most firmly established rules of the common law, namely, that upon marriage the rights and estate of the woman passed to her husband;

and it was a most difficult thing to find a court construing these acts in favor of the rights of the woman.

But since 1860, the legislature in its wisdom has, from time to time, extended the rights of a married woman, until at present she stands upon about the same plane with her husband.

At the time when the case above referred to was decided, there was an express statute which disqualified a married woman from being an administratrix of the estate of a deceased person, and the learned Surrogate in his opinion arrives at his conclusion by a parity of reasoning, claiming that, as by express law a married woman was prohibited from administering upon the estate of a deceased person, an implication arose that she ought not to be appointed the guardian of the estate of a minor. That the case was rightly decided under the law as it then existed I do not at this time question; suffice it to say that, in 1867, the legislature by express enactment changed the *status* of married women, in regard to their competency to act as representatives of the estates of deceased persons and as guardians of minors. The act, among other things, provided: "Married women are hereby declared to be capable of acting as executrixes, administratrixes *and guardians of minors*, and of receiving letters testamentary or of administration, *or of guardianship*, as though they were single women," etc. (L. 1867, ch. 782, §§ 2, 6; *R. S., 7th ed., 2290, 2292*).

Thus, it will be seen that the law, in regard to the question now before this court, has been completely overturned since the decision in Holley v. Chamberlain, and it is, therefore, now of no value as an authority.

I have examined this question somewhat carefully, because it seemed to be the settled impression of the profession that a married woman living with a second husband could not be legally appointed guardian of her own child. After such examination, I am convinced that the mother of the infant ought to be appointed the general guardian of her person and estate, and it is, therefore, ordered that letters of guardianship be issued to Harriet A. Schrader.